**FURGANG & ADWAR, L.L.P.**
Stephanie Furgang Adwar (SA 1711)
Armando Llorens (AL 1757)
Philip Furgang (PF-5654)
2 Crosfield Avenue
Suite 210
West Nyack, NY 10994
845-353-1818

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x   No. 16-cv- _____ (__)
FUGAWI, INC.,

Plaintiff

     -v-

FUGAWI MC, LLC, RICHARD JAMIESON,           <u>**JURY DEMANDED**</u>
PAT CAPASSO, CHARLES CORLETTA,
DOUG KARPINSKY, JOSEPH GALLINI,
JON NATIRBOFF, MICHAEL CORLETTA,
MATTHEW STRIEBEL, STEVEN HYLAS,
THOMAS CHINDEMI, VINCENT CHINDEMI,
RON ROBERTSON, FRANK McDOW,
BQ SPORTS, INC., and DOES 1 - 10

Defendants.
------------------------------------------------------------------x

<u>**COMPLAINT**</u>

<u>The Parties</u>

1.    Plaintiff, Fugawi, Inc.  (hereinafter referred to as  "Fugawi" of "Plaintiff"), is a corporation organized and existing under the laws of the State of New York, and has an office and place of business at 21 Villa Drive, Nanuet, New York 10954.

2.    Defendant, Fugawi MC, LLC (hereinafter referred to as "MC, LLC") is, upon information and belief, a limited liability corporation organized and existing under the laws of the

-1-

State of New York and has a place of business at 439 South Pascack Road, Chestnut Ridge, New York 10977.

3.      Defendant, CHARLES CORLETTA (hereinafter "C. Corletta") is an individual with a residence at 12 W. Maltbie Avenue, Suffern, New York 10901.

4.      Defendant, DOUG KARPINSKY (hereinafter "Karpinsky") is an individual with a residence at 3 Bryan Drive, Montvale, New Jersey 07645.

5.      Defendant JOSEPH GALLINI (hereinafter "Gallini"), is an individual with a residence at 1 Imperial Lane, Spring Valley, New York 10977.

6.      Defendant JON NATIRBOFF (hereinafter "Natirboff"), is an individual with a residence at 9 West Central Avenue, Pearl River, New York 10965

7.      Defendant MICHAEL CORLETTA (hereinafter "M. Corletta"), is an individual with a residence at 12 W. Maltbie Avenue, Suffern, New York 10901.

8.      Defendant MATTHEW STRIEBEL (hereinafter "Striebel"), is an individual with a residence at 29 Fremont Avenue, Park Ridge, New Jersey 07656.

9.      Defendant PAT CAPASSO (hereinafter "Capasso"), is an individual with a residence at 27 Stillo Drive, Airmont, New York 10952.

10.     Defendant RICHARD JAMIESON (hereinafter "Jamieson"), is an individual with a residence at 59 Church Street, Spring Valley, New York 10977.

11.     Defendant STEVE HYLAS (hereinafter "Hylas"), is an individual with a residence at 35 Pyngyp Road, Stony Point, New York 10980.

12.     Defendant THOMAS J. CHINDEMI (hereinafter "T. Chindemi"), is an individual with a residence at 272 Townline Road, Pearl River, New York 10965.

-2-

13.     Defendant VINCENT CHINDEMI (hereinafter "V. Chindemi"), is an individual with a residence at 143 Blauvelt Road, Nanuet, New York 10954.

14.     Defendant RON ROBERTSON (hereinafter "Robertson"), is an individual with a residence at 83 MacArthur Road, Lodi, NJ 07644.

15.     Defendant FRANK M. McDOW  (hereinafter "McDow"), is an individual with a residence at 68 Pondview Dr., Airmont, NY 10952

16.     Defendant, BQ SPORTS, INC. (hereinafter "BQ"), is upon information and belief, a corporation organized and existing under the laws of the State of New York, with a place of business at 601 Manhattan Avenue, Brooklyn, New York, 11222.

17.     Defendants DOES 1 - 10, refers to additional members of Defendant MC LLC of whom Plaintiff is unaware but may be necessary parties in this action.

18.     Defendants Jamieson, Capasso, Corletta, Karpinsky, Gallini, Natirboff, Corletta, Striebel, Hylas, T. Chindemi, V. Chindemi, Robertson, McDow, and Does 1 - 10, 0 are jointly referred to as the "Individual Defendants" unless otherwise expressly indicated herein.

## JURISDICTIONAL STATEMENT

19.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1338(a), (b); 17 U.S.C. §§ 101, et seq. including  §§ 501 - 509; 15 U.S.C. §1114, 1116 - 1118, 1121, and 1125(a); and the Court's pendent jurisdictions.

20.     Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a) in that the Defendants reside and do business in this district in which the acts complained of took place.

## Allegations Relevant To All Claims

### *Introduction*

21.     The predecessor to Plaintiff Fugawi was formed in 2006 as the Fugawi Motorcycle Club (hereinafter the "Club") as an unincorporated club of motorcycle enthusiasts.  Five  years later, in 2011, the Club incorporated as Plaintiff Fugawi.

22.     Beginning with its predecessor, Plaintiff Fugawi has engaged in such activities as charitable fundraising and selling wearing apparel.

23.     After incorporation, Plaintiff Fugawi in 2012 had a popular reality television show broadcast by the History channel on cable television for which streamed copies are presently available via the internet from the History channel website.

24.     Plaintiff Fugawi directly and through its predecessor has adopted and continually used certain trademarks and service marks.  One of the two marks is both a copyrighted work and a federally registered trademark.

25.     In 2015, nine years after formation of the Club and four years after the incorporation of Plaintiff Fugawi, there was a falling out among the membership in which the dissident members, the Individual Defendants, all of whom are non-shareholders in Plaintiff Fugawi (including  Plaintiff Fugawi's  past president) attempted a failed takeover of Plaintiff Fugawi. The Individual Defendants thereupon withdrew.

26.     In retaliation for failing in their attempted takeover, the Individual Defendants, among other wrongful acts:  formed Defendant MC LLC; filed a presently pending  application to federally register a counterfeit of Plaintiff Fugawi's federally registered trademark; attempted a fraudulent but failed attempt to transfer Plaintiff's federally registered trademark to Defendant

MC LLC; authorized the infringement of the copyright and federally registered trademark by Defendant BQ; and abused the processes of the state courts by bringing an unauthorized and fraudulent suit in the name of Plaintiff Fugawi against the Founding Members and shareholders of Plaintiff Fugawi.

27.     In this action Plaintiff Fugawi seeks to enforce its copyright and trademark rights. It further seeks to secure its other civil remedies, including that of wrongful conversion, tortious interference with business relationships, abuse of process,  treble damages, and reasonable attorney's fees, to recompense the irreparable damage Defendants have caused to its trademark and copyright rights and to prevent further attempts by Defendants to destroy Plaintiff Fugawi and all that Plaintiff Fugawi has worked for these past nine years.

*Formation and Activities of the Predecessor to Plaintiff*

28.     Plaintiff Fugawi was formed by founding members: Scott Sanguinetti (hereinafter "S. Sanguinetti"), Paul Sanguinetti (hereinafter "P. Sanguinetti"), Keith Scoccimaro (hereinafter "K. Scoccimaro"), David Scoccimaro (hereinafter "D. Scoccimaro"), Richard Foresta (hereinafter "Foresta"), and Defendants Capasso and Jamieson (the "Founding Members") in 2006.[1]

29.     Upon its formation in 2006, the Club, by the Founding Members, adopted bylaws (hereinafter the "2006 Bylaws") (**Exhibit A**)

30.     The Club also began use in commerce of the term FUGAWI as a service mark to identify its club services and charitable fundraising, and as a trademark to identify wearing

---

[1]One additional Founding Member, Richard Gurito, was voted out of the club by a majority vote of the Founding Members in approximately 2011.

apparel. (The FUGAWI trademark and service mark is referred hereafter as the "FUGAWI Mark.")

31.     On May 4, 2010, the Founding Members agreed that the Club would establish a website, www.fugawimc.com (The "Website") The Club and, upon the formation of Plaintiff Fugawi, Plaintiff Fugawi owned and operated the Website from May 4, 2010, until the date of the dispute herein.

_Formation and Activities of Plaintiff_

32.     On May 6, 2011, the Founding Members agreed to and had the Club incorporated as Plaintiff Fugawi.

33.     The Club continued operating as Plaintiff Fugawi's wholly owned entity.

34.     Plaintiff thereafter adopted and began using a FUGAWI (IN DESIGN) (**Exhibit B**) copyrightable design as a service mark to identify its club and charitable fundraising services and as a trademark to identify wearing apparel.   (The FUGAWI (IN DESIGN) is referred to here after as the FUGAWI (IN DESIGN) "Mark.") The trademark and service mark FUGAWI and the trademark and service mark FUGAWI (IN DESIGN) are jointly referred to hereafter as the "FUGAWI Marks.")

35.     Plaintiff Fugawi maintains a clubhouse at 439 South Pascack Road, Spring Valley, N.Y.

36.     In March, 2012, Plaintiff Fugawi's Club became the subject of a reality television program entitled "_We're The Fugawis_" (hereafter the "Program").

37.     The Program was broadcast by the History channel throughout the world and past episodes are currently available for streaming on the History channel website.

38.     Plaintiff Fugawi replaced the 2006 Bylaws (**Exhibit B**) with revised bylaws (**Exhibit C**) (hereafter the "2012 Bylaws").

39.     On July 30, 2013, Plaintiff Fugawi received United States Federal Trademark Registration No. 4,374,808 for the FUGAWI (IN DESIGN) Mark as used to identify clothing, namely, hats, t-shirts, shirts, pants, shoes, sweatshirts, sweatpants, jackets and gloves. (**Exhibit D**)

40.    As with any corporation, Plaintiff Fugawi is governed by a corporate board of directors (hereafter the "Executive Board" or "Board").

41.    On May 22, 2015, at a meeting of the Board, the Board enacted new bylaws (hereafter the "2015 Bylaws") (**Exhibit E**) .  Additionally, the Board voted to and issued 20 shares of stock in Plaintiff Fugawi to each of the five member Board.  No shares of stock were issued to any other person or party.

42.    On July 8, 2015, Plaintiff Fugawi caused its attorneys to file an application to federally register the FUGAWI Mark to identify membership services in a motorcycle club, Serial No. 86/687,443.  (**Exhibit F**)

43.    On July 11, 2015, Plaintiff Fugawi caused its attorneys to file an application to federally register the FUGAWI Mark to identify the services of fundraising services by means of organizing and conducting special events; and charitable fundraising services by means of organizing and conducting motorcycle rides, Serial No. 86/690,362. (**Exhibit G**)

44.    On February 3, 2016, Plaintiff Fugawi caused its attorneys to file, by special handling, an application for copyright registration of the FUGAWI (IN DESIGN) Work (the FUGAWI (IN DESIGN) Mark is also referred to as the "Work" with reference to Plaintiff Fugawi's copyright therein.) (**Exhibit B**).[2]

45.    Valley Health Systems operates the well-known Valley Hospital in Ridgewood, New Jersey.  Valley Hospital has a palliative wing for terminally ill adolescent patients.

---

[2] Plaintiff Fugawi is presently awaiting the issuance of the Certificate of Registration on the design attached as **Exhibit B**.

46.     The Butterfly Program is a charity based in Valley Hospital.   The Butterfly program,  like the Make-A-Wish Foundation, provides assistance to the terminally ill and their families.  The Butterfly Program provides assistance to these adolescents and their families by providing them with special memories and comfort in their most trying of times.

47.     In June 2014 Plaintiff Fugawi joined with Biggie's Clam Bar[3] to hold  fundraising events every other Wednesday night from early June until either late October or early November (the "Biggie's Charity Event").   In view of Plaintiff Fugawi's involvement and through its efforts, the Biggie's Charity Event was able to secure a corporate sponsor: Bergen County Harley-Davidson (hereafter "Harley-Davidson").  Bergen County Harley-Davidson is a Harley-Davidson motorcycle dealer having a place of business at 124 Essex St, Rochelle Park, N.J.  The events proved to be very successful for the Butterfly Program, and therefore, for the children and families it serves.

*Defendants' Wrongful Conduct*

48.     At a January 20, 2015, meeting of the Board, Defendant Capasso[4] who was, at that time the president of Plaintiff Fugawi, admitted having violated the 2012 Bylaws (**Exhibit C**).  The Board requested that  Defendant Capasso voluntarily resign, but Capasso refused.

49.     The Board thereupon by a vote duly made and seconded, removed Defendant Capasso as President of Plaintiff Fugawi.

---

[3] Biggie's Clam Bar is more popularly known as "Biggie's" and is a restaurant located in Ramsey, New Jersey which was established in 1946.

[4] One of the Founding Members.

50.     The Club members have the right to make proposals and have those proposals voted upon by the members of the Club.  The Executive Board, as the entity charged by law to operate Plaintiff Fugawi, retains the right to overrule any vote taken by the Club members (see the 2012 Bylaws, **Exhibit C**).

51.     At a February 3, 2015, meeting of the Board, Defendant Capasso, as a member of the Club, offered an "*Action and Proposal*" (**Exhibit H**) to be voted upon by the Club membership.

52.     Defendant Capasso's "Action and Proposal" was an attempt to take control of Plaintiff Fugawi by stripping the Board of its authority to conduct of Plaintiff Fugawi's affairs and is contrary to law.  Specifically, Defendant Capasso tried to eliminate the authority of the Board to overrule a vote by the Club membership.

53.     Defendant Capasso demanded that the Board submit his Action and Proposal to a vote of the Club's members.

54.     By a motion made and seconded, the majority vote of the Board of Plaintiff Fugawi rejected the Action and Proposal.

55.     As a consequence of the action by Plaintiff Fugawi,  Defendants Jamieson and Capasso and the other Individual Defendants announced that they henceforward rejected the authority of the Executive Board to conduct the affairs of Fugawi.

56.     On March 30, 2015, Founding Member S. Sanguinetti received a text message from Defendant T. Chindemi in which he, Defendant T. Chindemi, falsely represented himself as the "acting Secretary of Fugawi Motorcycle Club" (**Exhibit I**).

57.     In his text message (**Exhibit I**), Defendant T. Chindemi advised Founding Member S. Sanguinetti that he and four of the Founding Members (P. Sanguinetti, K. Scoccimaro, D. Scoccimaro, and Foresta) (hereafter referred to as the "Majority Board Members") were "banned" from entering Plaintiff Fugawi's clubhouse and that the lease for the property "has been changed."

58.     At the time of the unauthorized and improper "banning" of the Majority Board Members of Plaintiff Fugawi from Plaintiff Fugawi's clubhouse, there existed approximately $18,000.00 in the treasury of Plaintiff Fugawi.  Since that time, Defendants have, upon information and belief, collected an additional $10,800.00 in dues. Defendants have, without authority, converted the $28,800.00 to their own uses and have, to date, refused to return the converted sums to Plaintiff Fugawi.

59.     On May 4, 2015, Defendant Jamieson filed with the New York Department of State Division of Corporations, the Articles of Organization of Defendant MC LLC, as a limited liability company.

60.     Upon information and belief, Defendant MC LLC was formed as a rival motorcycle club to Plaintiff Fugawi's Club.

61.     On May 22, 2015 the Majority Board Members voted the appointment of S. Sanguinetti president of Plaintiff Fugawi and dismissed Defendants Capasso and Jamieson as Board members and officers.

62.     Defendants did not at any time acquire any right, title, or interest in either the FUGAWI Mark or FUGAWI (IN DESIGN) Mark or the copyright in and to the FUGAWI (IN DESIGN) Work which at all times remained and still remains the exclusive property of Plaintiff Fugawi.

63.     The Individual Defendants and Defendant MC LLC have continued, without authorization, to operate the Website and the e-commerce portion the site therein.  To this date, the Individual Defendants and Defendant MC LLC refuse to relinquish control to the Website to Plaintiff who is the rightful owner of the Website.

64.     The Individual Defendants and Defendant MC LLC have opened and operated several groups on Facebook.  Plaintiff was successful in having Facebook remove two of the three groups started by the Individual Defendants and Defendant MC LLC.  However, to date, the Individual Defendants and Defendant MC LLC continue to operate the Facebook page "Fugawi Motorcycle Club LLC - Hudson Valley" as continuing and ongoing infringements upon Plaintiff Fugawi's trademark rights in the FUGAWI Marks and to deceitfully mislead and confuse the public.

65.     On June 4, 2015, Defendant MC LLC caused its attorney to file an application for federal trademark registration for the mark FUGAWI MC HUDSON VALLEY (IN DESIGN), (**Exhibit J**) Serial No. 86/651,422, to identify clothing, namely, leather vests claiming ongoing use at least as early as October 10, 2011.  Defendants' claimed date of first use dates back to the use by Plaintiff Fugawi.  By so stating, Defendants admit to being a wilful infringer.

66.     The FUGAWI MC HUDSON VALLEY (IN DESIGN) mark is substantially identical in all material respects to Plaintiff Fugawi's federally registered FUGAWI (AND DESIGN) Mark.  (Compare Plaintiff Fugawi's mark (**Exhibit B**) with Defendants' mark (**Exhibit J**).

67.     In June, 2015, Plaintiff Fugawi learned that Defendants were attempting to take over Plaintiff Fugawi's position as a sponsor of the Biggie's Charity Event by falsely and fraudulently representing themselves as Plaintiff Fugawi.

68.     Plaintiff Fugawi advised Biggie's and the corporate sponsor, Harley Davidson of Bergen County, of the dispute with Defendants.  Both Biggie's Clam Bar and Harley Davidson of Bergen agreed not to use and have ceased use of the FUGAWI Marks in the promotion of the Biggie's Charity Event, respecting Plaintiff Fugawi's trademark rights.

69.     Defendants, however, are using and continue to use the FUGAWI Marks in connection with their advertising of the Biggie's Charity Event thereby wilfully infringing upon Plaintiff Fugawi's federally registered trademark.

70.     Defendants are also wilfully infringing by using the FUGAWI Marks to identify and sell t-shirts and, upon information and belief, other clothing and infringe upon Plaintiff Fugawi's copyrighted art work in the FUGAWI (AND DESIGN) Work.

71.     BQ Sportswear, Inc. (hereafter "BQ"), manufacturer and distributor of wearing apparel located at 601 Manhattan Avenue, Brooklyn, N.Y. manufactures and distributes cloth patches bearing the FUGAWI (And DESIGN) Mark.

72.     On June 5, 2015, Plaintiff Fugawi caused its attorneys to send a letter (**Exhibit K**) to Ms. Kathy Ha at BQ advising  that it was no longer permitted to manufacture, distribute and/or sell the patches bearing the FUGAWI Marks and Work unless authorized to do so by Plaintiff Fugawi.  Further, should BQ fail to receive authorization directly from Plaintiff Fugawi, such manufacture, distribution and sale of patches bearing the FUGAWI Marks and Work is trademark and copyright infringement.

73.    In spite of the cease and desist notice to BQ, BQ continued and, upon information and belief, continues to infringe the FUGAWI Marks and Work of Plaintiff Fugawi.

74.    On June 9, 2015, Plaintiff Fugawi caused its attorneys to send cease and desist letters (**Exhibit L**) to Defendants Jamieson, Capasso, C. Corletta, M. Corletta, Karpinsky, Striebel, Hylas, Natirboff, Gallini, T. Chindemi, and V. Chindemi demanding that they cease and desist from all use of the FUGAWI Marks.

75.    On June 11, 2015, S. Sanguinetti, acting as President of Plaintiff Fugawi, and P. Sanguinetti, as Secretary of Fugawi, filed a Letter of Protest (**Exhibit M**) with the United States Patent and Trademark Office against the allowance of the application by MC LLC for its FUGAWI (AND DESIGN) on the ground that the trademark applied for is likely to cause confusion with Plaintiff Fugawi's FUGAWI (IN DESIGN) Mark.   On June 22, 2015, the United States Patent and Trademark Office provided notice (**Exhibit N**) that it accepted Plaintiff Fugawi's June 11, 2015 Letter of Protest (**Exhibit M**).

76.    On June 19, 2015, Defendant Jamieson, falsely representing himself to be an "officer" of Plaintiff Fugawi, and the Managing Member of Defendant MC LLC, executed an assignment of Plaintiff Fugawi's FUGAWI (IN DESIGN) trademark and federal registration on behalf of Plaintiff Fugawi to Defendant MC LLC.  (As set forth above, Defendant Jamieson had been dismissed as an officer of Plaintiff Fugawi.) A so-called "corrective assignment" was also filed on June 19, 2015 by Defendants. (The Assignment and Corrective Assignment attached as **Exhibit O,** without attachments.)

77.    Plaintiff Fugawi never authorized the assignment of its FUGAWI (AND DESIGN) mark and/or its federal registration No. 4,374,808 to Defendant MC LLC.

78. On July 29, 2015, Plaintiff Fugawi caused its attorney to submit its own corrective assignment to the fraudulent assignment, setting forth the facts and requesting that the United States Patent and Trademark Office return ownership of the FUGAWI (IN DESIGN) mark and registration to Plaintiff Fugawi (**Exhibit P**, without attachments).

79. On August 3, 2015, the United States Patent and Trademark Office formally returned the ownership of the FUGAWI trademark to Sanguinetti at the address designated by Plaintiff's attorney (**Exhibit Q**).

80. Since Defendants' attempt to wrest control of Plaintiff Fugawi from the Board, they have openly and notoriously been infringing upon Plaintiff Fugawi's FUGAWI Mark by using in connection with charitable fundraising services, the sale of clothing and for membership services in a motorcycle club, including counterfeiting Plaintiff Fugawi's FUGAWI Marks.

81. Plaintiff Fugawi has continued to use its FUGAWI Marks at all times herein in connection with charitable fundraising services, the identification of wearing apparel and membership services in a motorcycle club.

82. On or about December 24, 2015, Defendant MC LLC commenced an action in New York State Supreme Court, County of Rockland Index No. 035354/2015 (hereinafter the "Defendants' State Action") naming as defendants the Majority Board Members of Plaintiff Fugawi. They commenced this action falsely alleging that Plaintiff Fugawi together with Defendant MC LLC are the plaintiffs in the State Action and named the Majority Board Members of Plaintiff Fugawi as individual defendants, charging the individual defendants with trademark infringement, false designation of origin and claims of violation of various New York State common laws.

83.     Defendants herein are not now nor have they been members of the Board nor officers of Plaintiff Fugawi during all times complained of.  Thus,  Defendants' State Action is an abuse of process and, upon successful conclusion of that suit in favor of the named defendants, malicious prosecution.

84.     On January 21, 2016, the named defendants in the Defendants' State Action filed a Notice of Removal to remove the MC LLC Action to United States District Court, Southern District of New York (**Exhibit R**).

## COUNT I
### (*Federal Trademark Infringement*)

85.     This is a count for trademark infringement and arises under the trademark laws of the United States (i.e., the Lanham Act) 15 U.S.C. §§ 1125, 1116, 1117, and 1121.

86.     Plaintiff repeats and realleges the allegations of ¶¶ 1 through 84 as if set forth herein.

87.     Defendants' wilful infringing use of Plaintiff Fugawi's FUGAWI Marks

a)      is likely to and has caused confusion as to the source of the good and services provided by Plaintiff Fugawi, namely to identify charitable fundraising services, wearing apparel, and membership services in a motorcycle club;

b)      is intended to and does trade on Plaintiff Fugawi's reputation and goodwill derived from Plaintiff Fugawi's long standing and exclusive use of its FUGAWI Marks;

c)      deprives Plaintiff of control of its reputation and its goodwill in the FUGAWI Marks .

88.     The use by Defendants of Plaintiff Fugawi's FUGAWI Marks, as set forth herein, was and is intended to, did, and does, among customers, the public, and members of the relevant trade:

a)      cause likelihood of confusion or misunderstanding  as to the sponsorship or approval by Plaintiff of the goods and services of Defendants;

b)      cause likelihood of confusion or misunderstanding as to Defendants' affiliation, connection, or association with Plaintiff; and

c)      represents that Plaintiff's services were the services of Defendants or vice versa when they are not.

89.     Defendants' foregoing actions have been knowing, deliberate, wilful, and in disregard of Plaintiff's rights.

90.     Plaintiff is damaged by the complained of conduct of Defendants in an amount to be determined.

91.     Plaintiff has no adequate remedy at law.

92.     Plaintiff is entitled to an award of actual damages, exemplary damages and attorneys' fees for these wilful acts.

93.     The said conduct of Defendants has caused, and if not enjoined, will continue to cause irreparable damage to the rights of Plaintiff in its business reputation and good will, in an amount not presently known but believed to be in excess of One Million ($1,000,000.00) Dollars.

## COUNT II
### (*Trademark Counterfeiting Under The Lanham Act 15 U.S.C. § 1114(1)(b)*)

94.     This count arises under the trademark laws of the United States, 15 U.S.C. §§ 1051 et seq., and, specifically, under §§ 1114(1), 1116, 1118, and 1125(a) and is to remedy acts of counterfeiting.

95.     Plaintiff repeats and realleges each and every allegation of  ¶¶ 1 through 93 as though fully set forth herein.

96.     Defendants' intentional use in commerce of the FUGAWI (IN DESIGN) Mark while knowing that it is a counterfeit mark, is likely to, and was intended to, cause confusion or to cause mistake, or to deceive as to the affiliation, connection, sponsorship or association of such products and constitutes trademark counterfeiting under 15 U.S.C. §1114(1)(b).

97.     Defendants, in the course of their activities, have intended by the aforesaid acts to:

a)     cause likelihood of confusion or misunderstanding among purchasers, prospective purchasers, and members of the relevant trade and public as to the sponsorship or approval by Plaintiffs of the work and goods of Defendants;

b)     cause likelihood of confusion or misunderstanding among purchasers, prospective purchasers, and members of the relevant trade and public as to Defendants' affiliation, connection, or association with Plaintiff;

c)     represent to purchasers, prospective purchasers, and members of the relevant trade and public  that Plaintiff's goods are the goods of Defendants or vice versa; and

d)     create a likelihood of confusion or misunderstanding among purchasers, prospective purchasers, and members of the relevant trade and public as to the source of origin of Plaintiff's products and Defendants' products.

98.     Defendants have damaged Plaintiff in a sum not presently known but reasonably believed in excess of One Million Dollars ($1,000,000.00).

99.     Plaintiff is entitled to an award of three (3) times Defendants' profits or Plaintiff's damages (whichever is greater), statutory damages for Defendants' willful trademark counterfeiting, and attorneys fees.

## COUNT III
### (False Designation of Origin and
### False Description and Representations in Commerce)

100.     This action arises under the trademark laws of the United States, 15 U.S.C. §1051 et seq., and, specifically, under 15 U.S.C. §1125(a) and is to remedy false designations of origin and false description and representations in commerce.

101.     Plaintiff repeats and realleges the allegations set forth in ¶¶ 1 through 99 as if fully set forth herein.

102.     The trade and public have come to know the Plaintiff Fugawi's FUGAWI Marks to represent charitable fundraising, wearing apparel, and membership services in a motorcycle club, which goods and services are of high quality, and to rely upon the good will and business that Plaintiff Fugawi has established over the past nine (9) years.

103.     Beginning long after Plaintiff Fugawi began use of its FUGAWI Marks as aforesaid, Defendants began offering to the public charitable fundraising, wearing apparel and membership services in a motorcycle club (i.e., the exact same goods and services offered, sold,

and provided by Plaintiff) and appropriated by imitation the Plaintiff Fugawi's FUGAWI Marks by offering, selling, and providing such identical goods and services using the identical FUGAWI (IN DESIGN) mark.  (A sample of the Defendants' infringing use is attached hereto as **Exhibit J** as comparted with Plaintiff's **Exhibit B**.)

104.    Defendants' substantially identical copying of Plaintiff Fugawi's FUGAWI Marks is likely to cause and has caused confusion and mistake and to deceive customers, both among the general public and the relevant trade, as to the source or origin of said goods and services.

105.    Defendants' use of Plaintiff Fugawi's FUGAWI Marks is calculated to deceive and is likely to deceive the trade and public into believing that Defendants' goods and services, offered, provided and sold under said marks, are identical to the goods and services bearing the FUGAWI Marks and are, in fact, the services and goods provided and sold by Plaintiff Fugawi, or that Plaintiff Fugawi, in some manner, sponsors or licenses Defendants' goods and services, or that there exists some other relationship between Plaintiff Fugawi and Defendants where none in fact exists.  The actions and/or appearances by Defendants constitute wilful infringement of Plaintiff Fugawi's common law and federally registered trademark rights and is unfair competition of Plaintiff Fugawi and its FUGAWI Marks.

106.    Plaintiff has no adequate remedy at law and has suffered irreparable harm and damage as a result of Defendants' aforesaid wrongful acts, and is suffering monetary  damages in an amount not thus far determined.  The aforesaid acts by Defendants are likely to cause damage to Plaintiff in excess of One Million ($1,000.000.00) Dollars.

## COUNT IV
### (*Copyright Infringement*)

107.     This Count arises out of the occurrences as set forth hereinabove and hereinafter and is directly related to the counts for copyright infringement under 17 U.S.C. §101, et. seq.

108.     Plaintiff repeats and realleges the allegations of ¶¶ 1 through 107 as if set forth herein.

109.     Plaintiff is the owner of all right, title, and interest in and to the copyright in the design which is part of the FUGAWI (IN DESIGN) Work.  (**Exhibit B**)

110.     An application for copyright registration was filed with by Special Handling with the U.S. Copyright Office on February 3, 2016.  The registration remains in process.  Upon receipt of the registration a copy will be provided to the Court in support of this Count III.

111.     Defendants have knowingly and wilfully violated Plaintiff's copyright by continuing to copy, distribute, and use their infringing copies of the Work without license or authority to do so.

112.     By  reason of Defendants' past infringement and continued infringement, Plaintiff has sustained and will continue to sustain substantial injury, loss, and damages to its ownership rights in the Work.

113.     Defendants have been copying, distributing, and otherwise using the Work to market its goods and services and thereby have been engaging in unfair trade practices and unfair competition against Plaintiff causing Plaintiff irreparable injury.

114.     Unless Defendants are restrained from further copying, reproducing, and using the Work and enjoined to remove and destroy any infringing copies of the Work, Defendants shall

continue to cause injury to the business reputation of Plaintiff by said infringement of Plaintiff's copyright and by Defendants unfairly competing with Plaintiff.

115.    Plaintiff has suffered irreparable harm and there is no adequate remedy at law for the future injuries and damage as a result of the Defendants' copyright infringements and Plaintiff is suffering monetary damages in an amount not thus far determined.   The aforesaid acts of Defendants have been and are likely to cause damage to Plaintiff in an amount not presently known, but believed to be in excess of One Hundred Thousand ($100,000.00) Dollars.

## COUNT V
### (*Fraud*)

116.    This Count is for fraud.  Jurisdiction is conferred on this Court by Fed. R. Civ. P. §9(b) and is substantially related to the claim arising out of trademark laws of the United States as set forth in Count I.

117.    Plaintiff repeats and realleges the allegations set forth in ¶¶ 1 through 115 as if fully set forth herein.

118.     Defendants caused to be filed an application for trademark registration with the United States Patent and Trademark Office for the mark FUGAWI (and design), Serial No. 86651422 (**Exhibit J**).

119.    Defendants submitted a sworn statement in which it was represented that Defendants has been using the FUGAWI (AND DESIGN) Mark since 2011 and that Defendant MC LLC was the owner of the FUGAWI (AND DESIGN) Mark.

120.    Said representations were false when made and were known to Defendants to be false when made because Defendants Capasso and Jamieson were previously Executive Board

Members of Plaintiff and were well aware that it was Plaintiff and not Defendant MC LLC (as represented by sworn statement on the trademark application) was the owner of the trademark. Further, Defendants were well aware that by virtue of its formation in 2015, Defendant MC LLC could not have been using the mark since October 1, 2011 as represented in the application.

121. Said representations were made with the intention of depriving Plaintiff Fugawi its proper ownership rights in the FUGAWI trademark.

122. By reason of the foregoing facts, Plaintiff has been damaged in excess of the sum of One Million ($1,000,000.00) Dollars.

## COUNT VI
### (*Common Law Unfair Competition, Palming Off*)

123. This Count is for common law unfair competition and, more particularly, for palming off. Jurisdiction is conferred on this Court by 28 U.S.C. §1338(b) in that this is a Count for unfair competition which is joined to a substantially related claim arising out of trademark laws of the United States as set forth in Count I.

124. Plaintiff repeats and realleges the allegations set forth in ¶¶ 1 through 122 as if fully set forth herein.

125. Defendants' substantial imitation and copying of Plaintiff's FUGAWI Marks is, upon information and belief, willful and intended to palm off its services as those of Plaintiff.

126. Defendants, without the consent of Plaintiff, have used the FUGAWI trademark which is identical to Plaintiff's trademark and have used the same in the offering of the identical goods and services offered by Plaintiff and such is likely to cause dilution, confusion, mistakes, or deceive as to the source or origin of such services.

## COUNT VII
### (*State Unfair Competition, Trademark Infringement and Palming Off*)

127.    This claim for relief arises under the common law and the Trademark Laws of the State of New York and arises out of the same occurrences and transactions set forth herein above as set forth in Count I.

128.    Plaintiff repeats and realleges the allegations set forth in ¶¶ 1 through 127 as if fully set forth herein.

129.    The quality of Plaintiff's goods and services using the FUGAWI Marks are carefully controlled by Plaintiff so as to provide the consuming public and trade with goods and services of the highest quality.

130.    Long after Plaintiff Fugawi had been using its FUGAWI Marks, Defendants appropriated a nearly identical and confusingly similar trademark FUGAWI MC HUDSON VALLEY (IN DESIGN) mark, applied to nearly identical and confusingly similar to Plaintiff's services and goods thereby palming off Plaintiff Fugawi's goods and services as the goods and services of Defendants and/or vice versa.

131.    Defendants, in the course of adopting and using the trademark FUGAWI MC HUDSON VALLEY (IN DESIGN) mark have intended by the aforesaid acts to:

a)    cause likelihood of confusion or misunderstanding among purchasers, prospective purchasers, and members of the relevant trade and public as to the sponsorship or approval by Plaintiffs of the work and goods of Defendants;

b)      cause likelihood of confusion or misunderstanding among purchasers, prospective purchasers, and members of the relevant trade and public as to Defendants' affiliation, connection, or association with Plaintiff;

c)      represent to purchasers, prospective purchasers, and members of the relevant trade and public  that Plaintiff's goods and services are the goods and services of Defendants or vice versa; and

d)      create a likelihood of confusion or misunderstanding among purchasers, prospective purchasers, and members of the relevant trade and public as to the source of origin of Plaintiff's goods and services and Defendants' goods and services.

132.    Plaintiff Fugawi has no adequate remedy at law.  The said conduct of Defendants has caused, and if not enjoined, will continue to cause irreparable damage to the rights of Plaintiff Fugawi in its FUGAWI Marks and in its business reputation and good will.

133.    Plaintiff Fugawi damages from the aforesaid unlawful actions of Defendants are not yet determined but are believed to be in excess of One Million Dollars ($1,000,000.00).

134.    Additionally, Plaintiff Fugawi is entitled to attorneys' fees and exemplary damages in excess of One Million Dollars ($1,000,000.00).

## COUNT VIII
### (*State Unfair Competition and Dilution*)

135.    This claim for relief arises under the common law and the General Business Laws §360(k) and (l) of the State of New York and arises out of the same occurrences and transactions set forth herein above.

136.    Plaintiffs repeat and reallege each and every allegation contained in ¶¶ 1 through 134 as though fully set forth herein.

137.    Defendants, without the consent of Plaintiff Fugawi, have sold and used a reproduction, copy, and colorable imitation of Plaintiff Fugawi's goods and services under the FUGAWI Marks and such services, sale, and use is likely to cause confusion, mistake, or deceive as to the source or origin of  Plaintiff Fugawi's goods and services and/or dilute Plaintiff's FUGAWI Marks.

138.    Plaintiff Fugawi has and will suffer irreparable harm and damage as a result of Defendants' acts and Plaintiff has also suffered monetary damages in an amount not thus far determined but believed to be in excess of One Million Dollars ($1,000,000.00).

139.    Plaintiff Fugawi is entitled to attorneys' fees and exemplary damages in excess of One Million Dollars ($1,000,000.00)

### COUNT IX
#### (*Tortious Interference with Business Relationships*)

140.    This is a claim for relief from Defendants' tortious interference with business relationships and arises from those acts alleged in support of Counts I through VIII.

141.    Plaintiff repeats and realleges the allegations of ¶¶1 through 139 as if set forth herein.

142.    At all times herein relevant, Defendants have been aware or reasonably should have been aware that Plaintiff owns the FUGAWI Marks used by Plantiff in connection with membership in a motorcycle club, charitable services and the sale of goods.

143.   At all times herein relevant, the Individual Defendants and Defendant MC LLC have been aware or reasonably should have been aware that Plaintiff had an ongoing business relationship with Defendant BQ for the manufacture, distribution and sale of patches consisting of the FUGAWI Marks and the Work.

144.   Upon information and belief, the Individual Defendants and Defendant MC LLC solicited BQ to manufacture, distribute and produce patches consisting of the FUGAWI Marks and the Work, thus interfering in the ongoing business relationship Plaintiff had established with Defendant BQ.

145.   Plaintiff has been injured in its business as a direct and proximate result of the aforesaid unlawful activities by Defendants in an amount not presently known but believed to be in excess of One Hundred Thousand ($100,000.00) Dollars.

146.   Upon information and belief, Defendants have been guilty of oppression, fraud, and malice in doing the aforementioned unlawful acts.

147.   Plaintiff has no adequate remedy at law.

148.   The said conduct of Defendants has caused, and if not enjoined, will continue to cause irreparable damage to the rights of Plaintiff in its business reputation and good will.

149.   Plaintiff is entitled to exemplary damages in an amount in excess of One Hundred Thousand ($100,000.00) Dollars and the award of attorneys' fees.

## COUNT X

### (*Tortious Interference with Prospective Business Relationships*)

150.   This is a claim for relief from Defendants' tortious interference with business relationships and arises from those acts alleged in support of Counts I through VIII.

151.    Plaintiff repeats and realleges the allegations of ¶¶1 through 149 as if set forth herein.

152.    At all times herein relevant, Defendants have been aware or reasonably should have been aware that Plaintiff owns the FUGAWI Marks used by Plaintiff in connection with membership in a motorcycle club, charitable services and the sale of goods.

153.    At all times herein relevant, the Individual Defendants and Defendant MC LLC have been aware or reasonably should have been aware that upon termination of their contract by History, Plaintiff intended to shop the Program to other television networks.

154.    Plaintiff has attempted to shop the Program, but have been advised by prospective purchasers that due to the current conflict by the Individual Defendants and MC LLC, they would not be interested in purchasing future episodes of the Program.

155.    Plaintiff has been injured in its prospective business dealings as a direct and proximate result of the aforesaid unlawful activities by Individual Defendants and Defendant MC LLC in an amount not presently known but believed to be in excess of One Million Dollars ($1,000,000.00) Dollars.

156.    Plaintiff has no adequate remedy at law.

157.    The said conduct of Defendants has caused, and if not enjoined, will continue to cause irreparable damage to the rights of Plaintiff in its business reputation and good will.

158.    Plaintiff is entitled to exemplary damages in an amount in excess of One Million ($1,000,000.00) Dollars and the award of attorneys' fees.

## COUNT XI
### (*Common Law Conversion*)

159.    This is a claim for relief from conversion of corporate assets by the Individual Defendants and Defendant MC LLC and arises from those acts alleged in support of Counts I through VIII.

160.    Plaintiff repeats and realleges the allegations of ¶¶ 1 through 158 as if set forth herein.

161.    Defendant Jamieson, by virtue of his prior position in Plaintiff as Treasurer, maintained property and control of all of the Plaintiff's corporate treasury which was held in cash at the club house maintained by Plaintiff.

162.    At the time this dispute arose, there existed the approximate amount of Eighteen Thousand ($18,000.00) Dollars in cash which is the property of Plaintiff Fugawi.

163.    Upon information and belief, Defendant Jamieson, in coordination with the Individual Defendants and Defendant MC LLC, and with their compliance and agreement, converted Plaintiff's monies for their own use.

107.    The plaintiff has been damaged in an amount not yet determined amount but believed to be in excess of Eighteen Thousand ($18,000.00.)

WHEREFORE, Plaintiff prays that:

1.    That Defendants and their members, agents, employees, and attorneys and all other persons or entities within their respective control or supervision, and all other persons or entities acting in concert or participation with them, be temporarily and permanently enjoined from

-29-

offering, providing and selling goods and services under the FUGAWI Marks or any other mark confusingly similar to the FUGAWI Marks;

2.      That Defendants, their agents and employees, and all other persons or entities within their respective control or supervision, and all other persons or entities acting in concert or participation with them, be enjoined during the pendency of this action and permanently from unfairly competing with Plaintiffs in any manner;

3.      That Defendants, their agents and employees, and all other persons or entities within their respective control or supervision, and all other persons or entities acting in concert or participation with them, provide Plaintiff with a full accounting of all infringing sales made by Defendants;

4.      That Defendants be required to account and pay over to Plaintiff all gains, profits, and advantages derived from their use of the FUGAWI Marks;

5.      That Defendants be required to pay to Plaintiff, in addition, the damages Plaintiff has sustained by reason of said infringements.

6.      That Defendants to provide an accounting to Plaintiff for all the profits derived by Defendants and for damages sustained by Plaintiff by reason of the wrongful acts complained of herein.

7.      That Defendant MC LLC be required to expressly abandon its applications for trademark registration:

(a)      FUGAWI MC HUDSON VALLEY (and Design), Serial No. 86/651,422 made before the United States Patent and Trademark Office; and

-30-

(b)      FUGAWI, Serial No. 86/685,628, made before before the United States Patent and Trademark Office.

8.      That the Court enter judgment for Plaintiff and said judgment, because of the fraud and willful nature of the trademark infringement by Defendants after notice, be trebled and include, as well, reasonable attorney's fees.

9.      That Defendants be ordered to deliver up for destruction all materials in their possession

or under their control bearing the FUGAWI Marks.

10.      That Defendants be ordered to transfer www.fugawimc.com to Plaintiffs

11.      That the Court to enter judgment for Plaintiff in an amount sufficient to compensate Plaintiff for the losses it has suffered, as set forth in each of the causes of action contained herein;

12.      That Defendants be ordered to promptly vacate the Plaintiff's clubhouse and to transfer the lease back to Plaintiff;

13.      That Plaintiff be awarded exemplary damages as sought in the causes of action contained herein;

14.      That Plaintiff be awarded pre-judgment interest and post-judgment interest;

15.      That Plaintiff be awarded attorneys fees and all other expenses and costs of this litigation;

16.      That Plaintiff be award of three (3) times Defendants' profits or Plaintiff's damages (whichever is greater), statutory damages for Defendants' willful trademark counterfeiting, and attorneys fees, and

Such other and further relief that this Court may deem appropriate.

FURGANG & ADWAR, L.L.P.
Attorneys for Plaintiff Fugawi, Inc.


By: /Stephanie Furgang Adwar/
Stephanie Furgang Adwar (SA 1711)
Philip Furgang (PF 5654)
Armando Llorens (AL 1757)
CenterRock East
2 Crosfield Avenue
West Nyack, New York 10994
Tel: 845-353-1818

Dated: West Nyack, New York
          February 9, 2016